UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Plaintiff filed a complaint against Defendant in this Court on February 18, 2020. See Diane Khachaturian v. LIVHOME, Inc. et al., CV 20-1584 PA (JPRx). On February 20, 2020, the Court dismissed the complaint for lack of subject matter jurisdiction but granted Plaintiff leave to amend. On March 9, 2020, the Court dismissed the action without prejudice because Plaintiff failed to file any amended complaint by the designated deadline.

Plaintiff re-filed the action in Los Angeles Superior Court on February 28, 2020. Defendant filed a Notice of Removal on May 8, 2020, alleging that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Diane Khachaturian v. LIVHOME, Inc. et al., CV 20-4223 PA (JPRx). On May 14, 2020, the Court remanded the action to state court because Defendant had not adequately alleged Plaintiff's state of domicile, and thus Plaintiff's citizenship. Therefore, Defendant had not met the burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims.

Defendant has now removed this action a second time. Defendant filed the Notice of Removal on July 7, 2020. (Dkt. 1 ("Removal").) Defendant's removal is based on Plaintiff's response to Defendant's Request for Admission, wherein Plaintiff admitted she is a citizen of California. (Id. at Van Parys Decl. ¶5; Ex. C.) Defendant again alleges this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Removal at ¶9.) In addition, although Plaintiff's state court complaint does not specify the amount in controversy, Defendant believes it is at least $101,566.90.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., 19-CV-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

On June 12, 2020, Defendant received Plaintiff's response to Defendant's Request for Admission, wherein Plaintiff admitted she is a citizen of California. (Removal at Van Parys Decl. ¶5; Ex. C.) This information was not available to Defendant at the time of the first removal. Plaintiff's Complaint did not allege her state of domicile or citizenship. (Id. at Ex. A ¶3 ("Complaint") (Plaintiff "was employed by and worked for Defendants, and each of them, in the State of California, County of Los Angeles.").) Thus, Plaintiff's Request for Admission response constitutes the first pleading from which Defendant could clearly ascertain that Plaintiff is a citizen of California. Based on this new information, the successive Notice of Removal presents a different factual basis for removal than what Defendant asserted in the first removal. See Robin Invs., Inc. v. Shkolnik, 2013 U.S. Dist. LEXIS 193996, at *2-3 (C.D. Cal. July 18, 2013) ("A second removal, however, must be on grounds, either factual or legal, that are different from those asserted in the first removal.").

However, the Court finds that Defendant has failed to carry its burden in establishing that the $75,000 amount in controversy requirement for diversity jurisdiction has been satisfied. See 28 U.S.C. § 1332. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the state court complaint alleges that Plaintiff seeks "[a]ll actual, consequential and incidental financial losses, unpaid wages, and restitution, together with pre-judgment interest, in an amount greater than $25,000.00." (Removal at 59.) Defendant estimates Plaintiff's recovery will be at least $101,566.90—but tellingly, Defendant only identifies $31,667.90 worth of total damages. The Court finds Defendant's assumptions regarding the amount in controversy are deficient in two reasons.

First, Defendant assumes 100% violation rates for Plaintiff's claims for meal period and rest break violations. (Id. at ¶32 ("Plaintiff alleges that 'any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties' and is thus seeking a meal period penalty for each time she worked a shift that exceeded five hours."); ¶34 ("Plaintiff alleges that 'the amount of hands-on, at the ready work required made/makes rest periods an impossibility' and is thus seeking a rest period penalty for each time she worked a shift that exceeded four hours").) The Court is not convinced that a 100% violation rate is supported by the plain language of the Complaint. Nowhere does the Complaint allege that Plaintiff was denied both a meal and rest break on every day she worked for Defendant. Compare Armstrong v. Ruan Transport. Co., 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25. 2016) (finding no basis for the court to assume the plaintiff meant the defendant failed to provide each and every legally required meal and rest period to each class member based on an allegation that the defendant "failed to provide all legally required unpaid, off-duty meal periods and . . . rest periods"); Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1199 (9th Cir. 2015) ("While it is true that the complaint alleges that [the defendant] maintains 'an institutionalized unwritten policy that mandates' the employment violations alleged in the complaint, including the denial of meal and rest periods, that does not mean that such violations occurred in each and every shift."); Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) ("Because a 'pattern and practice' of doing something does not necessarily mean always doing something . . . the defendant's assumed violation rate of 100% may or may not have been valid.") (citation and quotations omitted).

In addition, Defendant has not offered sufficient facts to show its assumptions are reasonable. The declaration from Defendant's CEO Ari Medoff does not present any facts regarding the likely average rate of meal period and rest period violations. See Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013) ("As the district court correctly explained, Archstone failed to provide any evidence regarding why the assumption that each employee missed two rest periods per week was more appropriate than 'one missed rest period per paycheck or one missed rest period per month.'"); Farley v. Dolgen California LLC, 16-CV-02501, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 9, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

speculative and self-serving."). Nor does the declarations present information to show that Defendant's assumed rate is reasonable. For these reasons, Defendant has failed to demonstrate by a preponderance of the evidence the amount in controversy for meal and rest period penalties for purposes of removal.

Second, Defendant believes that "[i]t is reasonable to expect that Plaintiff has placed $69,899.00 in attorney fees at issue by asserting that she is an aggrieved employee based on the various alleged Labor Code violations." (Removal ¶50.) Defendant cites several examples of the attorney's fees that plaintiffs sought in other comparable cases. However, Defendant makes no attempt to analogize the facts or circumstances of those cases to this action. This is insufficient to support Defendant's allegations as to the amount in controversy. See Serran v. Pac. Coast Feather Cushion Co., 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); Schneider v. Ford Motor Co., 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases."). Because Defendant has not given the Court specific evidence regarding attorney's fees, it has failed to demonstrate by a preponderance of the evidence the amount in controversy for attorney's fees for purposes of removal.[1]

Defendant has failed to satisfy the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. Therefore, the Court finds that it lacks subject matter jurisdiction over this case. The Court hereby remands this action to the Superior Court of California, County of Los Angeles, case number 20STCV08469, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Defendant also briefly contends that the amount in controversy is satisfied because Plaintiff alleged in her prior federal court complaint that the amount in controversy exceeded $75,000. (Removal at ¶21.) However, that complaint was dismissed without prejudice because Plaintiff failed to establish subject matter jurisdiction. Defendant has not presented any case law to support its conclusion that these prior allegations should carry weight here. Moreover, Plaintiff did not re-allege in her state court complaint that the amount in controversy exceeds $75,000. For these reasons, the Court finds this argument is unpersuasive and insufficient to carry Defendant's burden in establishing the amount in controversy has been met.